Date signed March 16, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                :
                                      :
JOHANNA LATRICIA JONES                :    Case No. 09-13939PM
                                      :           Chapter 7
           Debtor                     :
- - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

Before the court is the Debtor's objection to the Notice filed by the Clerk of Court dated March 11, 2009, that the Debtor is not eligible to receive a discharge in a case under Chapter 7. This case is governed by 11 U.S.C. § 727(a)(9) that provides:

**11 USC § 727.  Discharge**

　　(a) the court shall grant the debtor a discharge, unless--
　　　　*　　　　*　　　　*　　　　*　　　　*
　　(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act [former 11 USC §§ 1060, 1061], in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least--
　　　　(A) 100 percent of the allowed unsecured claims in such case; or
　　　　(B)(i) 70 percent of such claims; and
　　　　　　(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort.

Debtor filed a bankruptcy case under Chapter 13 (No. 4-16659) on March 18, 2004. Her Chapter 13 Plan, filed April 6, 2004, provided for payments of $130.00 a month for 48 months. Neither any holders of secured claims, nor holders of unsecured claims holding priority, were scheduled. While Debtor scheduled holders of unsecured claims without priority totaling $14,133.14, only creditors holding claims totaling $1,496.09 filed claims. The net result was that, rather than making total payments of $6,240.00 called for under the confirmed Plan, all that was required to fund the Plan was $2,280.00, the difference being made up by the Trustee's fees and the attorney's fees that were allowed as an administrative expense.

Section 727(a)(9)(A) provides an exception to the discharge exclusion where payments under the Plan total at least 100% of the allowed unsecured claims. 11 U.S.C. § 502(a) provides:

> **11 USC § 502.  Allowance of claims or interests**
>
> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

In the unique circumstances of this case, the Debtor is not ineligible for discharge. Her prior case under Chapter 13 provided for 100% payment of the allowed unsecured claims. An appropriate order will be entered.

cc:
Johanna L. Jones, 2310 Gaylord Drive, Suitland, MD 20746
Alene Fisher, Esq., 14744 Main Street, Suite 103, Upper Marlboro, MD 20772
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**